## A. A. Smith
## v.
## City of Gilman.

*Municipal Corporations—Negligence—Personal Injuries—Practice—Bill of Exceptions—Presumption in Favor of Action of Court Below—Evidence.*

1. Where there is no bill of exceptions showing the action of the court below to have been wrong, everything is to be presumed in favor of the action of that court.
2. In an action against a city to recover for an injury received by a fall from a sidewalk, where the negligence complained of was the failure to put a guard rail by the side of the walk, evidence that on other nights than that on which the injury was received, plaintiff went over the walk without difficulty or danger, was proper.

[Opinion filed December 8, 1890.]

In error to the Circuit Court of Iroquois County; the Hon. Alfred Sample, Judge, presiding.

Mr. C. H. Payson, for plaintiff in error.

Messrs. S. S. Cone and Harris & Hooper, for defendant in error.

Lacey, J.   This was an action on the case, commenced by plaintiff in error against the defendant in error, to recover damages for injuries received on account of his falling off a sidewalk by reason of the negligence of the defendant in error in

not maintaining a guard rail along the side of the walk. The declaration charged that the sidewalk was in an unsafe condition, in that no guard rail was placed along its side, and that the said walk was high and a guard rail necessary to protect travelers when using reasonable care and caution for their safety. To this declaration a plea "not guilty" was entered, and a trial had upon the issue, resulting in a verdict of not guilty. The facts seem to be that the sidewalk in question was about a hundred feet long, which gradually rose from the ground at the east end, until at the west end it reached a height of about thirty inches from the ground, and it was five feet and four inches wide, and had no railing on either side, and was in good repair.

At the point where the plaintiff in error fell off it was thirty and three quarters inches high. The plaintiff in error had been acquainted with the walk for about six years, and had passed over it frequently. The evidence tended strongly to show that the walk was properly lighted, plainly discernible and in such condition that a person using ordinary care could pass over it in safety. It was claimed, on the trial, that plaintiff in error fell off the sidewalk on account of his own negligence.

Reversal of the judgment is not sought in this case on the ground of the want of evidence to support it. It is insisted, however, that the court below erred in giving improper instructions for defendant in error, to wit, the 7th, 9th and 13th. And also that the jury failed to return a verdict on all the points required by the instructions of the court, and also that certain evidence was improperly admitted to go to the jury in behalf of the defendant in error.

We will now proceed to notice these objections in detail.

The instructions complained of are as follows:

· First, the 7th. "If you believe from the evidence that the place the plaintiff met with the injury complained of was reasonably safe for a person exercising reasonable care and prudence in passing over it, you will find for defendant."

9th. "For the defendant you are instructed if you believe from the evidence the sidewalk in question was, at the place

where the accident occurred, thirty inches high from the ground and without railing, this is not of itself, as matter of law, conclusive evidence of negligence on the part of the city to make it liable.    And if you further believe from the evidence that the sidewalk was of such width and in such condition and was so lighted at the time of the accident that persons in the exercise of reasonable care and prudence could safely pass over the same, you will find for the defendant."

13th.    "For the defendant the court instructs the jury that the city is not required by law to construct its sidewalks so as to render them absolutely safe for people who may be temporarily blinded from any cause, and who, while in such condition, see fit to use them without guide or assistance; it is sufficient if they are made reasonably safe for people traveling over them under ordinary circumstances."

These instructions appear to be in the ordinary form usual in cases of this kind, and we do not think they are open to the criticism made by the plaintiff in error.    We see no error in the 9th instruction in the respect complained of by plaintiff in error.

The clause in the instruction which charged that it was not *per se* negligence not to keep a guard rail on the sidewalk is only a statement of a well known rule of law and we can not see how a jury could be misled by it when read in connection with the balance of the instruction which stated the rule completely.    The fact that there was no guard rail was evidence, though not absolutely conclusive, of negligence; yet it was a question for the jury in connection with all the other facts, which the instruction plainly informed them.

The question of negligence was in no wise taken from the jury and we do not see how it could misunderstand the instruction, nor was there any error in the instruction in saying that if a person of ordinary care under the circumstances could safely pass over the walk it would find for the defendant.    Evidently it was the plaintiff's duty to exercise ordinary care and if by so doing he could or would avoid injury and he failed in his duty in this particular his injury would be the result of his own negligence.    We think, therefore, the 9th

instruction is free from error.   We can see no fault whatever
in the 7th instruction.

The criticism made on the 13th instruction is not just.   It
does not, as is claimed by plaintiff in error, assume that he was
blinded by the light or any other cause, nor does it single out
any testimony and give it undue prominence.   It simply
instructs the jury that it was not the duty of the city to make
a walk sufficiently safe for blind persons to pass over it in
safety without a guide or assistance.   The city, as the instruc-
tion tells the jury, is only required to maintain its walks in a
reasonably safe condition for ordinary travel under ordinary
circumstances.

We will now notice the point made of the failure of the
jury to return special verdicts as to whether defendant in
error was guilty of negligence in not protecting the walk
with a railing, and whether the lights in the rink cor-
ner and in Nugent's shop so lit the walk that a person
exercising due care and caution could have avoided in-
jury.   It appears from the abstract that the attorney for
the plaintiff in error was present when the verdict was re-
turned in open court and was there openly announced.   He
saw or could have seen that there were no special findings
returned.   He made no objection to the verdict on that
account or asked to have it corrected.   St. L. & S. E. Ry. Co.
v. Dorman, 72 Ill. 505; C. & N. W. Ry. v. Johnson, 27 Ill.
App. 355.   As to the point made that the court refused to
require the jury to make the special findings above mentioned
we can only say that we find by the plaintiff in error's abstract
that no exceptions were taken to the rulings of the court in so
refusing.   The abstract shows that the plaintiff in error
excepted to the action of the court in refusing certain offered
instructions, but it does not show any exception to the refusal
of the court to grant the request for the finding.   It does not
appear from the abstract what other rulings the court made
as to requiring the jury to make other findings which may
have covered the grounds of the proposed refused findings;
in the absence of such showing we will presume the court did
so, and we find that one of the errors assigned by plaintiff in

error for a new trial was that the court erred in discharging the jury without answering questions submitted for special findings. What these questions were the abstract fails to show, and we will presume that they covered the ground of the refused request. Everything must be presumed in favor of the action of the court, where there is no bill of exceptions showing the action of the court to be wrong. The bill of exceptions, as shown by the abstract, contains a certificate that the instructions on either side contained therein were all the instructions given or refused on the trial, but is silent as to what requirements for findings was granted by the court.

We think the court did not err in admitting the evidence to show that on other nights than the one on which this injury was sustained witness went over this walk without difficulty or danger. We find authority for this ruling in C., B. & Q. R. R. Co. v. Gregory, 58 Ill. 274. The same reasons there given for admitting that class of testimony will apply in this case. Finding no error in the record, the judgment of the court below is affirmed.

*Judgment affirmed.*